HARRIS, J.
The issue here is whether the court erred in not granting a temporary injunction. We reverse.
The City of Casselberry has for many years permitted regulated nudity in “adult entertainment establishments.” Although in 1996 the City of Casselberry amended its ordinance by changing the designation of the places which permit nudity to “adult performance establishments,” it did not prohibit nudity in establishments falling within the newly designated classification.
Seminole County did in fact, by ordinance, disallow nudity in such establishments as are at issue here, but its Home Rule Charter, Article I, Section 1.4, specifically provides that, “Municipal ordinances shall prevail over county ordinances to the extent of any conflict.” Although the trial court found no conflict in the two ordinances, its reasoning is not apparent in the record. We reverse.and remand for further consideration as to whether there is in fact a conflict in the ordinances as to whether nudity is permitted in adult establishments (as appears from the record submitted to us) and if indeed the City of Casselberry permits nudity in such establishments, then for the entry of the requested injunction.
REVERSED and REMANDED.
COBB and THOMPSON, JJ., concur.